### Noblit's Estate.

*John C. Bell, Jr.*, for exceptants; *H. Edgar Barnes*, contra.

VAN DUSEN, J., March 6, 1931.—At the time of testator's death the stock in question had an intact value of $70.39 per share. Rights to subscribe to additional shares at $80 were issued. Before the issue, the old stock had a book value of $77.94. After the issue all the stock, new and old, had a book value of $79.25—a gain of $1.31 per share, resulting from the application of the premium of $2.06 to old and new stock proportionately. These rights were sold by the trustee, and all the proceeds were awarded to income, inasmuch as the transaction did not impair the intact value at the time of testator's death: Jones *v.* Integrity Trust Co., 292 Pa. 149; Burton's Estate, 12 D. & C. 605.

The guardian *ad litem* for minor remaindermen makes a claim for a portion of these proceeds which needs only to be plainly stated to answer itself. He says that there has been a contribution of new capital which should be added to the intact value and preserved for principal. This may be so in part. If it is, the amount of the increase remains with the stock, which the

trustees still hold for principal account. It is part of the $80 which was paid in, and is not in the proceeds of sale of rights which is going out. No reason can be imagined for adding an *additional* sum to principal out of the proceeds of the sale of rights, which, in the instant case, must be income because the intact value, plus undistributed earnings plus the premium, is unimpaired.

The exceptions are dismissed and the adjudication is confirmed absolutely.